IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ROBERT R. COFFMAN,<br>    Plaintiff | )<br>)<br>) | |
| v. | ) | Civil No. 7:10-CV-107-O |
| | ) | |
| HAROLD RAMIS AND FOCUS FEATURES,<br>    Defendants | )<br>) | |

_____

## FINDINGS AND RECOMMENDATION

Pursuant to Order of Reference for Pretrial Management (Document No. 4), this case was referred by the District Court to the undersigned for pretrial management. Defendant was granted leave to proceed *in forma pauperis* (Docket No. 5). Prior to directing that process issue to the defendants, I proceeded pursuant to 28 U.S.C. §1915 (e) (2) (B) (ii) to review Plaintiff's Complaint to determine if it fails to state a claim on which relief may be granted. Finding that Plaintiff's sparse allegations were unclear as to the nature and scope of the material he claims was copyrighted or the time in which he asserts he copyrighted the material, I directed Court's Interrogatories to be answered (Docket No. 6). Plaintiff has timely filed his Responses to the Court's Interrogatories (Docket No. 8).

Reading Plaintiff's Complaint and his Responses to the Court Interrogatories liberally I find that he alleges that the work of original authorship he claims he copyrighted was "a movie script." As he describes his "movie script," it contained an anecdotal sentence and an anecdotal scene that he claims were used in a movie titled "Ice Harvest" produced and/or directed by the named defendants.

The anecdotal sentence of which Plaintiff asserts original authorship is the sentence "As Wichita falls, so falls Wichita Falls." Plaintiff claims the defendant infringers used or printed the sentence "As Wichita falls, so falls Wichita Falls" in the film "Ice Harvest." It is the use of this sentence that he claims infringes his copyrighted movie script. Plaintiff claims he authored it in 2005 and registered it with The Writers Guild of America, West, Inc. He produced a copy of the registration no. 1089315 as an

attachment to his Responses. He asserts that part of the movie script he furnished to the defendants (and others) contained a story line describing how the city of Wichita Falls got its name. He alleges that his script relates that his Grandma used to take him to visit a 90 year old man who related an anecdote as to how the city of Wichita Falls, Texas got its name. His script related that when he was a 5 year-old child, he visited a 95 year-old bed-ridden man and asked him where were the falls in Wichita Falls. The old man answered, "there are no falls in Wichita Falls." The old man continued, "When the town consisted of Saloon, livery, & General Store, a gent from East Coast had a letter to send via Wells Fargo Stagecoach. Wanting to put a return address he asks, "What's the name of this place? Like poetry in motion a drunken Indian named Wichita fell off his donkey. Another drunk announces, "Wichita falls. So [the] gent put Wichita Falls for return address." Plaintiff's own description of the this scene of his movie script does not even use the sentence itself. Rather, his story line merely suggests the idea from with the sentence may have been derived.

There is in fact a recent film with the title "Ice Harvest" wherein the anecdotal sentence does indeed appear. The allegedly infringing sentence appears in an early scene set in a stripper bar. It appears as red graffiti an the wall above a urinal in the mens toilet at the bar. It appears twice more on the wall in the background of two short action scenes in the men's toilet. The phrase is uttered later by a drunken mob boss, played by Randy Quaid, who is intent upon killing the main character, played by John Cussack, who has stolen his money. The mob boss had just read it in the men's toilet. Finally, it appears again toward the end of the film, written in red lipstick on the back of a travel trailer. The author of the original graffiti in the mens toilet is not revealed. But in the late scene, Cussack scribbles the sentence on the back of the trailer, at which time its coded karmic message seems to say,"as ye sow, so shall ye reap."

It is salient that the movie is set in Wichita, Kansas, not Wichita Falls, Texas. In the movie the sentence is not associated at all with any explanation of the source of the name of city of Wichita or the city of Wichita Falls. The use of the quoted sentence does not spring from nor imply any use whatsoever of Plaintiff's script or story line or any sentence or language from that script as described by the Plaintiff.

I find that to the extent Plaintiff complains that the quoted sentence is an impermissible paraphrase of the sentence or story line in his script his claim is patently without merit.

Furthermore, the sentence is not even *original* to the Plaintiff and hence is not a proper subject for copyright protection to Plaintiff. The quoted phrase was actually used by Pat Metheny in his 1981 copyrighted musical work where the quoted sentence is the very title of his work. The allegedly offending sentence was already in the public domain or entitled to copyright protection on behalf of Metheny before Plaintiff ever related or embodied his story or script in writing or sent it to the Defendants. Furthermore, neither did Plaintiff's story line of the origin of the sentence nor a paraphrase of that story line appear in the movie. Therefore, to the extent Plaintiff claims copyright protection with regard to that sentence, he fails to state a cause of action.

The anecdotal scene which Plaintiff describes in his answer to the Court's Interrogatories as an act of a soldier defacing the corpse of a violently murdered enemy with the enemy's own genitalia does not appear in the film either literally or in paraphrase. Furthermore, the core idea of that anecdotal scene appeared in the original "The Godfather" movie that long predated Plaintiff's movie script. Plaintiff's description of this anecdotal scene is not *original* but has been used before. It does not appear in the subject movie. To the extent Plaintiff claims copyright protection with regard to that anecdotal scene, he wholly fails to state a cause of action.

Accordingly, I conclude that Plaintiff has wholly failed to state a cause of action and recommend that the District Court dismiss this case as frivolous pursuant to 28 U.S.C. §1915 (e) (2) (B) (ii).

It is so ORDERED, this 12th day of October, 2010.

_Robert K. Roach_
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

        A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).